## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Ralph Delane Cunningham,<br><br>Debtor(s). | C/A No. 15-02658-HB<br><br>Chapter 13<br><br>**ORDER DISALLOWING CLAIM** |

**THIS MATTER** came before the Court for a hearing on August 20, 2015, on the Objection to Claim of LVNV Funding, LLC ("Objection") filed by Ralph Delane Cunningham[1] and Response to Objection filed by LVNV Funding, LLC ("LVNV").[2] Cunningham filed an Objection to LVNV's Proof of Claim 12-1 in the amount of $6,073.34 on the basis that the claim was barred by the statute of limitations pursuant to S.C. Code Ann. § 15-3-530. LVNV responded, arguing that pursuant to South Carolina case law, the debt was revived by Cunningham's acknowledgment of the debt in his Bankruptcy Schedules. For the reasons set forth below, the Court finds in favor of Cunningham and sustains the Objection.

### FINDINGS OF FACT

Cunningham filed a petition for relief under Chapter 13 of the Bankruptcy Code on May 15, 2015. On Schedule F, Cunningham listed LVNV as holding a claim in the amount of $7,436.00 and describing the claim as "Collecting for Citibank South Dakota N A." Cunningham did not indicate that the claim was contingent, unliquidated, or disputed. Cunningham's plan provides that "[g]eneral unsecured creditors shall be paid allowed

---

[1] ECF No. 15, filed June 25, 2015.
[2] ECF No. 19, filed July 22, 2015.

claims *pro rata* by the trustee to the extent funds are available after the payment of all other allowed claims."[3]

On June 22, 2015, LVNV filed Proof of Claim 12-1 in the amount of $6,073.34 describing the claim as "Retail." The attachments to the proof of claim indicate that the last payment on the account was on November 3, 2008, and that the claim was later purchased by LVNV. Resurgent Capital Services acts as the servicer on behalf of LVNV.

On June 25, 2015, Cunningham filed the Objection to Claim 12-1, seeking to disallow the claim in its entirety.[4] Cunningham argues that the claim is unenforceable and barred pursuant to the statute of limitations and S.C. Code Ann. § 15-3-530, asserting that the last activity on the account was over three years ago in 2009. On July 22, 2015, LVNV responded arguing that Cunningham listed the debt owed to LVNV as a noncontingent, undisputed claim, and that he was not entitled to a setoff.[5] Therefore, by listing the claim on the bankruptcy schedule, Cunningham acknowledged the debt and the statute of limitations no longer applies under South Carolina law. LVNV argues that in South Carolina a written acknowledgment of a subsiding debt signed by the debtor will revive a debt ordinarily barred by the statute of limitations. Furthermore, LVNV argues that the instructions for completing Schedule F are clear and that by listing the claim, failing to mark the claim as "contingent" or "disputed," and signing the Schedules under penalty of perjury, Cunningham is admitting the debt is still due. Thereafter, Cunningham amended his Schedule F and listed that the debt owed to LVNV is "disputed" and that "[b]ased on

---

[3] ECF No. 2, May 15, 2015.
[4] ECF No. 15, filed June 25, 2015.
[5] ECF No. 19, filed July 22, 2015.

the proof of claim filed by this creditor the statute of limitation would prevent the enforcement of collections on this debt."[6]

### DISCUSSION AND CONCLUSIONS OF LAW

The facts and arguments surrounding the Objection are substantially consistent with those found in the matter of *In re Vaughn*, C/A No. 15-02896-dd, slip op., ECF No. 28 (Bankr. D.S.C. Sept. 3, 2015), whereby Judge Duncan sustained the Debtor's Objection to Claim of LVNV Funding, LLC.  In his Order, Judge Duncan found that allowing a stale debt to be revived by the debtor's action of simply fulfilling the disclosure obligations of bankruptcy would be contrary to the purpose of the Bankruptcy Code and further, that South Carolina did not support a finding of revival of the debt on these facts.  The undersigned agrees with and adopts the reasoning of *In re Vaughn*. Therefore, the Court finds in favor of Cunningham and sustains the Objection.

### CONCLUSION

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that Cunningham's Objection is **SUSTAINED** and Claim 12-1 is **DISALLOWED.**

**IT IS SO ORDERED.**

**FILED BY THE COURT**
**09/03/2015**



*US Bankruptcy Judge*
District of South Carolina

Entered: 09/03/2015

---

[6] ECF No. 21, filed July 23, 2015.